

FILED

APR 22 2015

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

ORDERED PUBLISHED

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

| | |
|---|---|
| In re: | ) BAP No. CC-14-1321-PaKiTa |
| | ) |
| EDWARD E. ELLIOTT, | ) Bk. No. SV 11-23855-VK |
| | ) |
| Debtor. | ) Adv. No. SV 13-01118-VK |
| _____ | ) |
| | ) |
| | ) |
| EDWARD E. ELLIOTT, | ) |
| | ) |
| Appellant, | ) |
| | ) |
| v. | ) **O P I N I O N** |
| | ) |
| DIANE C. WEIL, Chapter 7 | ) |
| Trustee, | ) |
| | ) |
| Appellee. | ) |
| _____ | ) |

Argued and Submitted on March 19, 2015
at Pasadena, California

Filed - April 22, 2015
_____

Appeal from the United States Bankruptcy Court
for the Central District of California

Hon. Victoria S. Kaufman, U.S. Bankruptcy Judge, Presiding

_____

Appearances:     Andrew E. Smyth, Smyth Law Office, argued for appellant Edward E. Elliott; Alla Tenina, Tenina Law, Inc., argued for appellee Diane C. Weil, Chapter 7 Trustee.

_____

Before: PAPPAS, KIRSCHER, and TAYLOR, Bankruptcy Judges.

PAPPAS, Bankruptcy Judge:

Debtor Edward E. Elliot ("Debtor") appeals the summary judgment entered by the bankruptcy court in favor of chapter 7[1] trustee Diane C. Weil ("Trustee") revoking Debtor's discharge pursuant to § 727(d)(1) and ordering that Debtor turn over a house to Trustee pursuant to § 542(a). We conclude that Trustee's discharge revocation complaint was not timely filed as required by § 727(e)(1) and, therefore, that the bankruptcy court erred in revoking Debtor's discharge. We thus VACATE that portion of the judgment and REMAND this matter to the bankruptcy court with instructions to dismiss Trustee's § 727(d) claim. As a result, we also VACATE the judgment of the bankruptcy court requiring turnover of the house to Trustee and REMAND this matter for further proceedings.

## I.  FACTS

Debtor, represented by counsel, filed a chapter 7 petition on December 1, 2011. In his petition, Debtor listed his address as Hiawatha Street, Granada Hills, California. On Schedules A and D, Debtor did not list any real property in which he had an interest, nor did he list any claims secured by real property. Debtor did not schedule several creditors holding a money judgment against him based on fraud and negligent misrepresentation (the "Judgment Creditors"), who apparently had obtained a judgment lien pursuant to California law. See Cal. Code Civ. Proc. § 697.310(a).

---

[1] Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

-2-

During his testimony at the initial § 341(a) meeting of creditors, Debtor confirmed that his address was Hiawatha Street and stated that the information in his bankruptcy petition, schedules, and statement of financial affairs ("SOFA") was true and complete. Debtor further testified that he did not own any real property and had not transferred or given away anything of value in the last four years. Based on the information in Debtor's bankruptcy schedules, SOFA, and his § 341(a) meeting testimony, Trustee filed a "No Distribution" report in the bankruptcy case. Debtor received a discharge on March 8, 2012, and the bankruptcy case was closed on March 13, 2012.

On March 26, 2012, Lee Wong Investments, Inc. ("LWI") transferred certain real property located in Los Angeles (the "Buckingham Property") to Debtor by quitclaim deed as a gift. Debtor does not dispute that LWI is a Nevada corporation which he organized and controlled. LWI was formerly known as Shilalee Enterprise, Inc., but the name of the corporation was changed on February 14, 2007. Juanita Jehdian, Debtor's fiancee and LWI's president, signed the quitclaim deed.

Following the transfer of the Buckingham Property to Debtor, he sent a letter to counsel for the Judgment Creditors, who were never informed of the bankruptcy filing, advising counsel that Debtor had acquired the Buckingham Property, and demanding that the judgment liens be removed. This letter triggered an inquiry by the Judgment Creditors and eventually Trustee, which revealed the history of Debtor's interest in the Buckingham Property through numerous transfers of title.

In particular, shortly after the Judgment Creditors obtained

their judgment, Debtor, who then owned the Buckingham Property, deeded it to 1019 South Central Associates, Ltd. ("S. Central"). California Secretary of State records evidence that a son of Debtor's deceased partner organized S. Central. Shortly thereafter, S. Central transferred the Buckingham Property to LWI; LWI held title during Debtor's bankruptcy case. LWI conveyed title back to Debtor after he received his discharge.

When the Judgment Creditors discovered Debtor's longstanding connections to the Buckingham Property, they filed a motion to reopen Debtor's bankruptcy case, which the bankruptcy court granted on January 7, 2013. Trustee was reappointed to serve in the reopened case.

After the case was reopened, Debtor amended his schedules to disclose his interest in the Buckingham Property and to claim any equity in the property exempt as his homestead. Trustee objected to this claim of exemption based upon Debtor's bad faith in failing to disclose his interest in the property, and the bankruptcy court sustained Trustee's objection and disallowed Debtor's exemption claim. Debtor appealed and, on December 14, 2014, this Panel vacated the order of the bankruptcy court in light of the recent decision of the Supreme Court in Law v. Siegel, 134 S. Ct. 1188 (2014), and remanded the matter to the bankruptcy court for further proceedings to determine if there was any statutory basis to deny Debtor's homestead exemption under California law or under § 522(g)(1). Elliott v. Weil (In re Elliott), 523 B.R. 188, 197-98 (9th Cir. BAP 2014).

In the meantime, on June 4, 2013, Trustee filed an adversary complaint against Debtor in which she asked the bankruptcy court

-4-

to determine that the Buckingham Property was property of the estate, to order Debtor to turn over the Buckingham Property to Trustee, and to revoke Debtor's discharge. Debtor retained new counsel to represent him in the reopened bankruptcy case and in litigation with Trustee.[2]

Trustee conducted a continued § 341(a) meeting of creditors on November 18, 2013, at which time Debtor admitted that he lived at the Buckingham Property when he filed bankruptcy, that he considered it to be his home, and that he had purchased it in 1989.

On January 13, 2014, Trustee filed a motion for summary judgment in the adversary proceeding seeking a revocation of Debtor's discharge and turnover of the Buckingham Property. There were several attachments to the motion, including a declaration by Michael Kapulkin, one of the Judgment Creditors, who had obtained a judgment against Debtor in May 2006; a copy of Debtor's grant deed conveying the Buckingham Property to S. Central dated August 14, 2006; a transcript of Debtor's deposition taken on November 15, 2013; a copy of the grant deed transferring the Buckingham Property from S. Central to LWI dated February 13, 2007; a copy of the form changing the name of Debtor's company from Shilalee Enterprise, Inc. to LWI dated February 14, 2007; a copy of the quitclaim gift deed from LWI to Debtor dated March 26, 2012; a

---

[2] As discussed more fully below, remarkably, although Trustee's action to revoke Debtor's discharge pursuant to § 727(d) was commenced more than a year after Debtor received a discharge, and more than a year after Debtor's case was closed, Debtor did not argue in the bankruptcy court, and does not argue on appeal, that the discharge revocation action was time-barred under § 727(e).

transcript of Debtor's second § 341(a) meeting; a copy of the Judgment Creditors' state court complaint against Debtor; a copy of the judgment entered by the state court against Debtor dated May 4, 2006; and a copy of the letter from Debtor to the Judgment Creditors' attorney in which he revealed that he had acquired the Buckingham Property after the entry of his discharge and demanded that the Judgment Creditors remove their judicial liens on that property.

In response to Trustee's summary judgment motion, Debtor filed his own declaration. He claimed that he had provided all the information about LWI, his interest in the company, and the Buckingham Property, to his bankruptcy attorney. However, Debtor averred, the attorney failed to include this information in his bankruptcy schedules. He also stated that, while he had read and signed the bankruptcy petition and schedules, he did not understand them. In addition, Debtor claimed his attorney advised him to answer Trustee's questions the way he did in the initial § 341(a) meeting. Further, Debtor claimed that the bankruptcy petition that he read at his attorney's office listed the Buckingham Property as his home address and that the address must have been changed by his attorney before it was filed. Finally, Debtor stated that the quitclaim deed from LWI to Debtor "speaks for itself," and he, therefore, denied Trustee's allegation that he received the deed after his discharge.

Debtor asked that the motion for summary judgment be denied because there were triable issues of fact. Specifically, Debtor argued that "[a]dvice of [an] attorney may excuse some types of fraud." Debtor then filed a statement of "genuine issues in

-6-

response to summary judgment." Debtor identified three fact issues for trial: "1. Did [Debtor] list his residential address as [] Hiawatha St[reet] 2. Did [Debtor] state at the [§ 341(a)] hearing that he resided at [] Hiawatha St[reet] [and] 3. Were the errors and omissions in the bankruptcy schedules the result of [Debtor's] reliance on his attorney."

The bankruptcy court conducted a hearing on Trustee's motion for summary judgment on March 19, 2014, at which the parties appeared through counsel and argued their positions. On April 7, 2014, the bankruptcy court granted Trustee's summary judgment motion and entered a "Judgment Vesting Property in Trustee and Revocation of Discharge." In this judgment, the bankruptcy court finds and concludes that the Buckingham Property was property of the bankruptcy estate and ordered that it be turned over to Trustee. In addition, the Court found and concluded:

> The Court finds [Debtor] knowingly and fraudulently failed to disclose a significant asset in his schedules, i.e., [Debtor's] interest in a corporation that held title to his residence. For no consideration, less than three weeks after [Debtor] obtained his discharge, [Debtor] obtained title to his residence from that corporation. [Debtor's] residence, a single family home, has a fair market value in excess of $600,000. [Debtor] concealed his residence, and the debt secured by his residence, in his chapter 7 petition. In his chapter 7 petition and at his initial meeting of creditors pursuant to [] § 341(a), in order to conceal property of the estate, [Debtor] knowingly and fraudulently misrepresented where he lived. [Trustee] did not know of [Debtor's] fraud until after granting of the debtor's discharge. Therefore, [Debtor's] bankruptcy discharge shall be, and is, hereby revoked pursuant to [] § 727(d)(1) and (e)(1).

On April 15, 2014, Debtor, now acting pro se, filed a motion

-7-

requesting relief from the judgment. On June 23, 2014, through new counsel, Debtor filed a notice of appeal. The bankruptcy court denied Debtor's motion on July 24, 2014. Debtor did not amend the notice of appeal to include the bankruptcy court's denial of Debtor's motion for relief from the judgment. Our motions panel determined that Debtor's appeal of the summary judgment was timely filed because Debtor had filed a tolling motion. We agree that the appeal is timely.

## II.  JURISDICTION

Although not addressed by either the bankruptcy court or the parties during the proceedings in the bankruptcy court, or in this appeal, § 727(e) presents a jurisdictional impediment to the resolution of the merits of this appeal, which the Panel is compelled to address sua sponte. See Kontrick v. Ryan, 540 U.S. 443, 455 (2004) (a challenge to a federal court's subject matter jurisdiction may be made at any stage of the proceeding, and the court should raise the question sua sponte) (citing Mansfield, C. & L.M.R. Co. v. Swan, 111 U.S. 379, 382 (1884)). We discuss the subject matter jurisdiction issue below.

As to the judgment granting turnover to Trustee, the bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(E). We have jurisdiction over that aspect of the appeal under 28 U.S.C. § 158.

## III.  ISSUES

Whether the bankruptcy court had jurisdiction to revoke Debtor's discharge pursuant to § 727(d)(1) and (e)(1).

Whether the bankruptcy court erred in granting turnover of the Buckingham Property.

-8-

## IV.  STANDARDS OF REVIEW

We review questions of subject matter jurisdiction de novo. Wilshire Courtyard v. Cal. Franchise Tax Bd. (In re Wilshire Courtyard), 729 F.3d 1279, 1284 (9th Cir. 2013) (citing Montana v. Goldin (In re Pegasus Gold Corp.), 394 F.3d 1189, 1193 (9th Cir. 2005)); see also Mangun v. Bartlett (In re Balboa Improvements, Ltd), 99 B.R. 966, 969 (9th Cir. BAP 1989) (citing Peter Starr Prod. Co. v. Twin Cont'l Films, Inc., 783 F.2d 1440, 1442 (9th Cir. 1986)).  "The burden of establishing subject matter jurisdiction rests on the party asserting that the court has jurisdiction."  In re Wilshire Courtyard, 729 F.3d at 1284 (citing McNutt v. GM Acceptance Corp., 298 U.S. 178, 182-83 (1936)).

We review a bankruptcy court's grant of summary judgment de novo.  Caneva v. Sun Cmty. Operating Ltd. P'ship (In re Caneva), 550 F.3d 755, 760 (9th Cir. 2008).  Summary judgment, according to Civil Rule 56, as applicable to adversary proceedings pursuant to Rule 7056, is appropriate if there is a showing "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Civil Rule 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  The evidence must be viewed in the light most favorable to the nonmoving party.  In re Caneva, 550 F.3d at 760.  The movant bears the initial burden to demonstrate absence of any genuine issue of material fact and that the movant is entitled to judgment as a matter of law.  Id. at 761.  Once the moving party meets its burden the nonmoving party must show that a genuine issue of fact remains for trial.  Id.

"Whether property is included in a bankruptcy estate and procedures for recovering estate property are questions of law

-9-

that we review de novo." Newman v. Schwartzer (In re Newman), 487 B.R. 193, 197 (9th Cir. BAP 2013) (citing White v. Brown (In re White), 389 B.R. 693, 698 (9th Cir. BAP 2008)).

## V. DISCUSSION

### A. The bankruptcy court lacked subject matter jurisdiction over Trustee's claim to revoke Debtor's discharge.

Subject matter jurisdiction is granted to the bankruptcy courts via 28 U.S.C. § 1334 and § 157(b). In re Wilshire Courtyard, 729 F.3d at 1284-85 (citing Celotex Corp. v. Edwards, 514 U.S. 300, 307 (1995); Battle Ground Plaza, LLC v. Ray (In re Ray), 624 F.3d 1124, 1130 (9th Cir. 2010)). "Bankruptcy courts have subject matter jurisdiction over proceedings 'arising under title 11, or arising in or related to cases under title 11.'" In re Wilshire Courtyard, 729 F.2d at 1285 (quoting 28 U.S.C. § 1334(b) and citing 28 U.S.C. § 157(b)(1)). A proceeding "arises under" title 11 if it "involve[s] causes of action created or determined by a statutory provision of that title." Id. (citing Harris v. Wittman (In re Harris), 590 F.3d 730, 737 (9th Cir. 2000)). An action to revoke a debtor's discharge is a core proceeding. 28 U.S.C. § 157(b)(2)(J).

In this case, Trustee rests her claim against Debtor on § 727(d)(1), a Code provision which, under appropriate circumstances, requires the bankruptcy court to revoke a debtor's chapter 7 discharge, and provides:

> On request of the trustee, a creditor, or the United States trustee, and after notice and a hearing, the court shall revoke a discharge granted under subsection (a) of this section if —
>
> (1) such discharge was obtained through the

-10-

> fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge[.]

Under Rule 7001(2), a proceeding to revoke a debtor's discharge requires an adversary proceeding. Section 727(e)(1), in turn, establishes the statutory deadline for commencement of the adversary proceeding under § 727(d)(1) to revoke a debtor's discharge: "[t]he trustee, a creditor, or the United States trustee may request revocation of a discharge — (1) under subsection (d)(1) of this section within one year after such discharge is granted[.]" In turn, Rule 9024(2) makes clear that "a complaint to revoke a discharge in a chapter 7 liquidation case may be filed only within the time allowed by § 727(e) of the Code."

In contrast to § 727(d), there is no time prescribed in the Code within which a party may request that a debtor be denied a discharge under § 727(a). Instead, the deadline to file an action to deny a discharge under § 727(a) is provided in Rule 4004(a). The Supreme Court has addressed whether the Rule 4004(a) time limit constitutes a "jurisdictional" limitation on the authority of the bankruptcy court to adjudicate an objection to discharge under § 727(a). Kontrick, 540 U.S. at 455 (2004). In an action filed after the time period specified in the Rule had expired, but where the debtor did not timely raise the Rule as a defense, the Court determined that Rule 4004(a) did not impose a jurisdictional bar and, instead, held that the time period set out in the Rule should be treated in the same fashion as affirmative defenses to an action under § 727(a), any of which is subject to forfeiture if not timely raised by the debtor. Id. at 456-57. "In short, the

-11-

filing deadlines prescribed in Bankruptcy Rules 4004 and 9006(b)(3) are claim-processing rules that do not delineate what cases bankruptcy courts are competent to adjudicate." Id. at 454. Important in this case, in reaching its decision in Kontrick, the Court found it significant that the time limit for a § 727(a) action is set out in what it described as the "Court-prescribed" rules, and that "[o]nly Congress may determine a [bankruptcy court's] subject-matter jurisdiction." Id. at 452 (citing U.S. CONST., Art. III, § 1).

The considerations in this case are distinctly different to those addressed in Kontrick. Here, while Congress has provided a statutory basis for the bankruptcy court to exercise subject matter jurisdiction over "arising under" proceedings, such as one to revoke a debtor's discharge, it has also imposed a temporal limitation in the Code on the bankruptcy court's ability to grant such relief. In particular, the discharge granted by the bankruptcy court in Debtor's favor in this case was entered on March 8, 2012, and the bankruptcy case was closed on March 13, 2012. Trustee's adversary proceeding requesting the revocation of that discharge was filed on June 4, 2013. Because Trustee's § 727(d)(1) action was commenced after the expiration of the one-year time limit provided by § 727(e)(1), we conclude that the bankruptcy court lacked subject matter jurisdiction to grant any relief as to that claim.

We have located no controlling Ninth Circuit authority regarding whether § 727(e) limits the bankruptcy court's jurisdiction to adjudicate a revocation of discharge claim. Indeed, the Panel has specifically declined to decide whether the

failure to timely comply with § 727(e)(1) is an absolute bar to a § 727(d)(1) action. See Lopez v. Specialty Rest. Corp. (In re Lopez), 283 B.R. 22, 27 n.8 (9th Cir. BAP 2002) ("We do not decide this issue. The bankruptcy court stated 'it appears' the ability to seek revocation of the discharge 'has passed' pursuant to Section 727(e). We note that most courts appear to reject any extension of the time limits in Section 727(e), although a minority view would either extend the overall time or hold that closing interrupts the running of that time period.") (citations omitted).

While there is no appellate authority in this Circuit, a persuasive discussion of this issue is found in the First Circuit BAP's opinion in The Cadle Co. v. Andersen (In re Andersen), 476 B.R. 668 (1st Cir. BAP 2012). In that case, the panel determined that § 727(e) is indeed a limit on a bankruptcy court's subject matter jurisdiction based upon Kontrick. The panel held, "[§] 727(e)(1)'s time requirement is not 'a mere statute of limitations, but an essential prerequisite to the discharge revocation proceeding.'" In re Andersen, 476 B.R. at 673 (quoting Gonsalves v. Belice (In re Belice), No. 08-11927-WCH, 2011 WL 4572003, at *3 (1st Cir. BAP 2011) and citing Pelletier v. Donald (In re Donald), 240 B.R. 141, 146 (1st Cir. BAP 1999)). Further, the panel rejected the argument that § 727(e) is subject to equitable tolling and noted "[n]ot only does § 727(e) 'announce an absolute one year limit for discharge revocation actions,' it omits a provision for extension." Id. at 674 (quoting Murrietta v. Fehrs (In re Fehrs), 391 B.R. 53, 67 (Bankr. D. Idaho 2008)).

In addition, several bankruptcy courts have also recognized

-13-

the jurisdictional nature of the § 727(e)(1) deadline. See Clarke Cnty. State Bank v. Scott (In re Scott), No. 12-30052-als, 2014 WL 1048550 (Bankr. D. Iowa Mar. 18, 2014) (collecting cases); Romano v. Defusco (In re Defusco), 500 B.R. 664, 667 (Bankr. D. Mass. 2013) (citing In re Andersen and noting the "clear majority view" that § 727(e) provides a bankruptcy court with a limit on its subject matter jurisdiction over § 727(d) causes of action).

We agree with the First Circuit BAP that, based upon the logic of the Supreme Court's decision in Kontrick, § 727(e) is both Congress's grant to, and limitation on, a bankruptcy court's subject matter jurisdiction over discharge revocation actions. Section 727(e) is a non-waivable statute of repose, and its time limits are not subject to tolling such that the failure to commence a § 727(d) adversary proceeding within the time period specified in § 727(e) deprives the bankruptcy court of jurisdiction to adjudicate that action.[3] Because Trustee's action was not timely commenced, that portion of the bankruptcy court's

---

[3] The Supreme Court has explained that "[s]tatutes of limitations, but not statutes of repose, are subject to equitable tolling, a doctrine that 'pauses the running of, or "tolls," a statute of limitations when a litigant has pursued his rights diligently but some extraordinary circumstance prevents him from bringing a timely action.'" CTS Corp. v. Waldburger, 134 S. Ct. 2175, 2183 (2014) (quoting Lozano v. Montoya Alvarez, 134 S. Ct. 1224, 1231-32 (2014)). However, a statute of repose, unlike a statute of limitation, "mandates that there shall be no cause of action beyond a certain point, even if no cause of action has yet accrued." Id. at 2187; see also DeNoce v. Neff (In re Neff), 505 B.R. 255, 263 (9th Cir. BAP 2014) ("In other words, a statute of limitations sets a time limit for bringing an action; a statute of repose sets a time period in which an event giving rise to a claim for relief must occur.").

-14-

summary judgment revoking Debtor's discharge must be vacated.[4] On remand, the bankruptcy court is instructed to enter an order dismissing Trustee's § 727(d) discharge revocation claim.

**B.    The bankruptcy court erred in granting Trustee turnover of the Buckingham Property.**

Read charitably Debtor's opening brief also argues the bankruptcy court erred in granting turnover to Trustee of the Buckingham Property.  While Debtor's summary approach to this issue is regrettable, we agree that the bankruptcy court must revisit its turnover order.

The bankruptcy court's judgment requiring Debtor to turn over the Buckingham Property to Trustee rests upon § 542(a), which provides:

> Except as provided in subsection (c) or (d) of this section, an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property

---

[4] At oral argument, when asked to address this predicament, Trustee's counsel argued that the bankruptcy court's summary judgment could have, perhaps should have, been based upon § 727(d)(2), not § 727(d)(1), and therefore, any jurisdiction issue is avoided.  This argument misses the mark for several reasons.  First, it ignores that the bankruptcy court's judgment, drafted by Trustee's counsel, expressly recites that it is based upon § 727(d)(1) and (e)(1).  And second, the argument is of no moment because a request for relief under § 727(d)(2) was also untimely according to § 727(e)(2), which provides: "[t]he trustee, a creditor, or the United States trustee may request a revocation of a discharge — . . . (2) under subsection (d)(2) or (d)(3) of this section before the later of — (A) one year after the granting of such discharge; and (B) the date the case is closed."  As noted above, the discharge in this case was entered on March 8, 2012, the bankruptcy case was closed on March 13, 2012, and Trustee's § 727(d) action was commenced in June, 2013.  In other words, Trustee's action was tardy regardless of which § 727(e) trigger date is applicable.

-15-

or the value of such property, unless such property is of inconsequential value or benefit to the estate.

See also In re Newman, 487 B.R. at 198-99. While the bankruptcy court's judgment contains no fact findings concerning whether the Buckingham Property "is of inconsequential value or benefit to the [bankruptcy] estate," we presume that, given the court's prior decision to disallow Debtor's homestead exemption, it concluded that the house had significant liquidation value. However, the bankruptcy court's decision disallowing Debtor's homestead exemption has been vacated by the Panel. As a result, to grant relief to Trustee pursuant to § 542(a), the bankruptcy court is obliged to reconsider whether the bankruptcy estate's interest in the Buckingham Property is sufficiently consequential. Therefore, we must also vacate the bankruptcy court's turnover judgment and remand this matter to the bankruptcy court to conduct further proceedings consistent with this decision.[5]

## VI. CONCLUSION

Because Trustee's claim was not timely under § 727(e), the

---

[5] According to its docket, on March 19, 2015, the same day as the oral argument in this appeal, the bankruptcy court apparently conducted a further hearing concerning the homestead exemption issue pursuant to this Panel's remand. In a tentative decision entered on the docket, the bankruptcy court determined that Debtor was not entitled to a homestead exemption pursuant to § 522(g)(1) because the court had granted Trustee a judgment under § 542(a) to turn over the Buckingham Property. The tentative decision cites to our prior decision in In re Elliott for the proposition that, in this case, § 522(g)(1) would be "an important limitation on [Debtor's] claimed homestead exemption for the bankruptcy court to consider on remand." 523 B.R. at 198. On April 8, 2014, an order was entered by the bankruptcy court denying Debtor's homestead exemption pursuant to § 522(g)(1). We leave it to the bankruptcy court to consider on remand of Trustee's turnover claim, any impact this decision may have on the vitality of the court's latest order disallowing Debtor's homestead exemption.

-16-

bankruptcy court lacked jurisdiction to revoke Debtor's discharge under § 727(d).  We therefore VACATE the bankruptcy court's summary judgment revoking Debtor's discharge and REMAND this matter to the bankruptcy court with instructions that it enter an order dismissing Trustee's § 727(d) claim.

We also VACATE the bankruptcy court's summary judgment granting Trustee turnover of the Buckingham Property under § 542(a).  We REMAND this matter to the bankruptcy court for further proceedings concerning this claim for relief.