OPINION
WATFORD, Circuit Judge:
The debtor in this case, Edward Elliott, filed a Chapter 7 bankruptcy petition that fraudulently omitted a key asset: his own home. No one discovered the fraud while his bankruptcy case remained pending, and he eventually received a discharge of his debts under 11 U.S.C. § 727(a). Months later, the Chapter 7 trustee learned of the fraud. She filed an adversary proceeding against Elliott in which she requested, among other relief, a revocation of his discharge under 11 U.S.C. § 727(d). As relevant here, § 727(d) provides that, upon the trustee’s request, “the court shall revoke a discharge granted under subsection (a) of this section if ... such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge.” 11 U.S.C. § 727(d)(1).
Section 727(e)(1) sets the filing deadline for seeking relief under § 727(d)(1). It provides that “[t]he trustee, a creditor, or the United States trustee may request a revocation of a discharge ... under subsection (d)(1) of this section within one year after such discharge is granted.” 11 U.S.C. § 727(e)(1). The trustee does not dispute that she filed her request for revocation of Elliott’s discharge more than one year (roughly 15 months) after the discharge was granted. However, in opposing the trustee’s request for relief, Elliott never raised the untimeliness of the request as a defense.
The bankruptcy court granted summary judgment to the trustee. The court found that Elliott had knowingly and fraudulently failed to disclose his ownership interest in the home, and had knowingly and fraudulently misrepresented where he lived. The court further found that the trustee did not learn of Elliott’s fraud until after the discharge had been granted. The court entered judgment revoking Elliott’s discharge pursuant to § 727(d)(1).
Elliott appealed to the Ninth Circuit Bankruptcy Appellate Panel (BAP). The BAP vacated the bankruptcy court’s judgment on the ground that the trustee had not filed her request for revocation of discharge within the time limit imposed by 11 U.S.C. § 727(e)(1). Elliott v. Weil (In re Elliott), 529 B.R. 747, 755 (9th Cir. BAP 2015). Although Elliott had not asserted untimeliness as a defense, the BAP held that it was obliged to address that issue sua sponte because the time limit imposed by § 727(e)(1) is jurisdictional. Id. at 751. The trustee’s failure to file her request within one year of Elliott’s discharge, the BAP concluded, meant that the bankruptcy court “lacked subject matter jurisdiction” to revoke the discharge under § 727(d)(1). Id. at 753.
*814 The BAP remanded the case to the bankruptcy court with instructions to dismiss the trustee’s request for relief under § 727(d) and to conduct further proceedings on a separate claim not relevant here. Id. at 755. On remand, the bankruptcy court entered a new judgment dismissing the trustee’s request for relief under § 727(d) for lack of jurisdiction. The trustee filed an appeal from that judgment to the BAP, and shortly thereafter requested permission to take a direct appeal to this court. The BAP granted the trustee’s request, and we authorized a direct appeal under 28 U.S.C. § 158(d)(2)(A).
The BAP’s decision that the bankruptcy court lacked subject matter jurisdiction to grant relief under 11 U.S.C. § 727(d)(1) was wrong as a matter of law. The time limit imposed by § 727(e)(1) is not a “jurisdictional” constraint. It is an ordinary, run-of-the-mill statute of limitations, specifying the time within which a particular type of action must be filed. The Supreme Court has repeatedly held that filing deadlines of this sort are “quintessential claim-processing rules,” and that unless Congress clearly states otherwise, such rules will be regarded as non-jurisdictional. United States v. Kwai Fun Wong, — U.S. —, 135 S.Ct. 1625, 1632, 191 L.Ed.2d 533 (2015) (quoting Henderson v. Shinseki, 562 U.S. 428, 435, 131 S.Ct. 1197, 179 L.Ed.2d 159 (2011)). As the Court recently put it, “Congress must do something special, beyond setting an exception-free deadline, to tag a statute of limitations as jurisdictional.” Id.
Congress did not clearly state that the filing deadline imposed by § 727(e)(1) should be regarded as jurisdictional. Nothing in' the text of the provision “speak[s] in jurisdictional terms.” Arbaugh v. Y & H Corp., 546 U.S. 500, 515, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006) (quoting Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 394, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982)). The provision does not, for example, purport to delineate the classes of cases bankruptcy courts are competent to adjudicate, as would be true of a statute that actually dealt with subject matter jurisdiction. See Scarborough v. Principi, 541 U.S. 401, 413-14, 124 S.Ct. 1856, 158 L.Ed.2d 674 (2004); Kontrick v. Ryan, 540 U.S. 443, 455, 124 S.Ct. 906, 157 L.Ed.2d 867 (2004). Instead, the provision merely states that the trustee “may request a revocation of a discharge” within the prescribed time limit. 11 U.S.C. § 727(e)(1). That language creates a plain-vanilla statute of limitations, with none of the trappings necessary to rank it as jurisdictional.
Statutory context confirms the non-jurisdictional nature of § 727(e)(l)’s time limit. As the Court has observed, “Congress’s separation of a filing deadline from a jurisdictional grant indicates that the time bar is not jurisdictional.” Kwai Fun Wong, 135 S.Ct. at 1633. That is the situation here. Congress granted bankruptcy courts jurisdiction to adjudicate requests for revocation of discharge in Title 28, in provisions entirely separate from the filing deadline found in Title 11. See 28 U.S.C. §§ 157,1334(b). This jurisdictional grant is not conditioned on compliance with the time limit specified in § 727(e)(1), and indeed the two sets of provisions are not linked together in any way. As was true in Kwai Fun Wong, treating the time limit at issue here as jurisdictional would “disregard the structural divide built into the statute.” 135 S.Ct. at 1633.
The BAP concluded that § 727(e)(l)’s time limit must be regarded as jurisdictional because it is contained in a statute, rather than a court rule. 529 B.R. at 752-53. The BAP based that conclusion on its reading of Kontrick v. Ryan, 540 U.S. 443, 124 S.Ct. 906, 157 L.Ed.2d 867 (2004), which held that the time limit specified in *815 Federal Rule of Bankruptcy Procedure 4004 is non-jurisdictional. Id. at 447, 124 S.Ct. 906. But nothing in Kontrick says that if a time limit is set by statute it must be regarded as jurisdictional. If there were any doubt on that score, it has been erased by a series of subsequent decisions holding that a variety of statutory filing deadlines are non-jurisdictional. See, e.g., Kwai Fun Wong, 135 S.Ct. at 1632-33; Sebelius v. Auburn Regional Medical Center, 568 U.S. 145, 133 S.Ct. 817, 821, 184 L.Ed.2d 627 (2013); Henderson, 562 U.S. at 441, 131 S.Ct. 1197; Holland v. Florida, 560 U.S. 631, 645, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010). Indeed, post-Kontrick, even statutory filing deadlines found in the Bankruptcy Code itself, like § 727(e)(1), have been held to be non-jurisdictional. See, e.g., United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 270 n.9, 130 S.Ct. 1367, 176 L.Ed.2d 158 (2010); In re Raynor, 617 F.3d 1065, 1070 (8th Cir. 2010).
In sum, the one-year filing deadline imposed by 11 U.S.C. § 727(e)(1) is a non-jurisdictional claim-processing rule. Whether that filing deadline is subject to equitable tolling is not at issue here. A non-jurisdictional time bar is an affirmative defense that may be forfeited if not timely raised, and Elliott forfeited the defense by failing to raise it in the bankruptcy court. See Kontrick, 540 U.S. at 458-60, 124 S.Ct. 906.
On the merits, the bankruptcy court’s determination that Elliott fraudulently concealed his ownership interest in the home is plainly correct; Elliott did not even attempt to challenge that determination before us. We therefore reverse the bankruptcy court’s judgment dismissing the trustee’s request for relief under § 727(d)(1), and we remand the case to the bankruptcy court with instructions to reinstate the portion of its April 7, 2014, judgment revoking Elliott’s discharge.
REVERSED and REMANDED.