**NOT FOR PUBLICATION**

## UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>WALLDESIGN, INC.,<br><br>　　　　　　　　　Debtor. | BAP No.  CC-17-1290-KuFS<br><br>Bk. No.  8:12-bk-10105-CB |
| FRANCOIS FRERES USA, INC.<br><br>　　　　　　　　　Appellant,<br><br>v.<br><br>BRIAN WEISS, Trustee of the Walldesign<br>Liquidation Trust,<br><br>　　　　　　　　　Appellee. | **MEMORANDUM**<sup>*</sup> |

Argued and Submitted on July 27, 2018
at Pasadena, California

Filed – August 2, 2018

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Catherine E. Bauer , Bankruptcy Judge, Presiding

———————

　　　* This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

Appearances:     John Gary Warner argued for appellant Francois Freres
                 USA, Inc.

———

Before: KURTZ, FARIS, and SPRAKER, Bankruptcy Judges.

## INTRODUCTION

Michael Bellow, the sole shareholder and president of Walldesign, Inc., paid $5,928.66 to appellant Francois Freres USA, Inc. (Freres) with a check drawn on Walldesign's checking account. The payment was for french oak barrels used to ferment and store wine at the Bellow Family Vineyard (BFV). After Walldesign filed a chapter 11[1] bankruptcy petition, the bankruptcy court found the payment from Walldesign's checking account to Freres was a fraudulent transfer subject to turnover. Freres turned over $5,928.66 to appellee, Brian Weiss, the liquidation trustee for the Walldesign Liquidation Trust (Liquidation Trustee).[2]

Freres then filed a proof of claim for $5,928.66. The Liquidation Trustee objected, contending that Freres was not entitled to a claim based on the fraudulent transfer payment under § 502(h) because no consideration had been given to Walldesign and the claim was untimely.

———

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

[2] Mr. Weiss has not participated in this appeal.

The bankruptcy court agreed and entered an order disallowing Freres' proof of claim. Freres did not appeal that decision. After the appeal deadline had passed, Freres filed a motion for reconsideration based on Civil Rule 60(b)(1) and (6), and Rule 3008.[3] The bankruptcy court denied the motion. This appeal followed. For the reasons explained below, we AFFIRM.

## FACTUAL BACKGROUND

Freres is an American entity owned by a French company which manufactures and distributes wooden oak barrels used by wineries to ferment and store wine. In July 2007, Freres sold french oak barrels to BFV. Mr. Bellow, Walldesign's sole shareholder and president, paid $5,928.66 to Freres with a check drawn from Walldesign's checking account.

Walldesign (Debtor) filed a chapter 11 petition in 2012. Brian Weiss was appointed the Liquidation Trustee for the Walldesign Liquidation Trust. The bankruptcy court set a deadline of May 1, 2012, as the last date for creditors to file and serve all proofs of claims against Debtor's estate.

In 2013, the Official Committee of Unsecured Creditors (Committee) filed an adversary proceeding against Freres seeking to avoid the payment made by Mr. Bellow (using Walldesign's funds) to Freres on the basis that

---

[3] Because Freres filed its motion for reconsideration after the appeal period expired, our review in this appeal is limited to the bankruptcy court's order denying Freres' motion for reconsideration. *United Student Funds, Inc. v. Wylie (In re Wylie)*, 349 B.R. 204, 209 (9th Cir. BAP 2006).

it was a fraudulent transfer subject to turnover under §§ 544(b) and 550(a). Following a motion for summary judgment, the bankruptcy court entered judgment against Freres in the amount of $5,928.66 for the avoidance and recovery of the fraudulent transfer made by Debtor to Freres. Freres turned over that amount to the Liquidation Trustee.

On January 19, 2016, Freres filed proof of claim 129-1, asserting a general unsecured claim against Debtor in the amount of $5,928.66 for "Goods sold." In support of the claim, Freres provided an Acknowledgment of Full Satisfaction of Judgment, filed by the Liquidation Trustee in the adversary proceeding and a check in the amount of $5,928.66 from Freres and payable to Debtor.

The Liquidation Trustee filed a motion seeking to disallow the claim on the basis that (1) Freres was not entitled to assert a claim for recovery of an avoided fraudulent transfer under § 502(h) because it had given no consideration for the avoided fraudulent transfer and (2) under Rule 3002(3), claims arising from an avoidance judgment must be filed within thirty days after the judgment becomes final, and Freres' claim was filed nearly 120 days after the final order avoiding the fraudulent transfer. The Liquidation Trustee further argued that even if Freres had a valid claim, it should be disallowed as untimely filed.

Freres responded, contending that it provided consideration for its claim. Freres asserted that the Liquidation Trustee had taken control of

4

BFV, which still had the wine barrels, and sought to keep the barrels without paying for them. Freres further argued that the bankruptcy court had not set a claims filing deadline nor could there be such a deadline when the Liquidation Trustee continued to litigate creditor claims in various courts.

At the hearing on the matter, the bankruptcy court explained to Freres that the Liquidation Trustee was not running the winery business, but was attempting to sell the underlying real property which was owned by Debtor. The court told Freres to contact the Liquidation Trustee or the Bellow family member who was running the winery to see what could be worked out with respect to the barrels as they were not owned by Debtor's estate. The bankruptcy court also found that Debtor had not received consideration for the payment it made to Freres and disallowed Freres' proof of claim. At the end of the hearing, Freres' counsel confirmed with the court that the only basis for its ruling was that no consideration was given to Debtor.

Ten months later, on June 26, 2017, the bankruptcy court entered the order disallowing Freres' proof of claim (Disallowance Order) and no appeal was taken.

On August 7, 2017, Freres filed a motion for reconsideration (Motion), contending that the bankruptcy court erred by holding that it was not entitled to a claim under § 502(h). Freres argued that it returned

5

the $5,928.66 transfer to Debtor and therefore was entitled to a return of "the consideration it paid" under § 502(h).

Freres also asserted that the bankruptcy court erred in finding that its proof of claim was time barred. Freres acknowledged that its proof of claim was filed after the bar date. However, since the bar date was not jurisdictional under *Weil v. Elliott*, 859 F.3d 812, 815 (9th Cir. 2017), Freres reasoned that the bankruptcy court could reconsider and allow its claim.

The Liquidation Trustee opposed, contending that none of Freres' arguments constituted "cause" for reconsideration under § 502(j) or provided a basis for reconsideration under Civil Rule 60(b). According to the Liquidation Trustee, the arguments were a rehash of arguments previously resolved by the bankruptcy court's Disallowance Order. The Liquidation Trustee further argued that the bankruptcy court properly held that Freres did not have a claim under § 502(h) because Freres did not provide consideration to Debtor for the fraudulent transfer. The Liquidation Trustee also asserted that the court properly held the claim was untimely as it was filed months after the deadlines set forth in the notice of the bar date and the Bankruptcy Code for the filing of claims arising from an avoidance judgment. Finally, the Liquidation Trustee maintained that the case of *Weil v. Elliott,* which held that the deadline to file a nondischargeability action under § 727 was nonjurisdictional, was inapplicable to the bankruptcy court's disallowance of Freres' proof of

claim.

The bankruptcy court heard the Motion on September 13, 2017. The bankruptcy court explained to Freres that there was no value given by Freres to Debtor. Freres' counsel argued that it was Freres' $5,928.66 payment to the Liquidation Trustee which triggered its right to file a claim. The bankruptcy court disagreed, stating that paying back a fraudulent transfer claim was not giving value to Debtor. The court entered an order denying Freres' Motion on September 27, 2017. Freres filed a timely notice of appeal from that order.

## JURISDICTION

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(B). We have jurisdiction under 28 U.S.C. § 158.

## ISSUE

Whether the bankruptcy court abused its discretion in denying Freres' motion for reconsideration.

## STANDARD OF REVIEW

We review for an abuse of discretion a bankruptcy court's decision on: (1) a reconsideration motion under § 502(j) and Rule 3008, *Heath v. Am. Express Travel Related Servs. Co. (In re Heath)*, 331 B.R. 424, 429 (9th Cir. BAP 2005), and (2) a Civil Rule 60(b) reconsideration motion, *Lal v. California*, 610 F.3d 518, 523 (9th Cir. 2010).

A bankruptcy court abuses its discretion if it applies the wrong legal

standard, misapplies the correct legal standard, or makes factual findings that are illogical, implausible, or without support in inferences that may be drawn from the facts in the record. *See TrafficSchool.com, Inc. v. Edriver Inc.*, 653 F.3d 820, 832 (9th Cir. 2011) (citing *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc)).

## DISCUSSION

An allowed or disallowed proof of claim "may be reconsidered for cause." § 502(j); Rule 3008. And a "reconsidered claim may be allowed or disallowed according to the equities of the case." § 502(j). When "the time for appeal has expired, a [§ 502(j)] motion to reconsider should be treated as a motion for relief from judgment under Bankruptcy Rule 9024." *S.G. Wilson Comp. v. Cleanmaster Indus., Inc. (In re Cleanmaster Indus., Inc.)*, 106 B.R. 628, 630 (9th Cir. BAP 1989). Rule 9024 applies Civil Rule 60 in bankruptcy proceedings.

In its Motion, Freres relied upon Rule 60(b)(1) and (6) which allows a trial court to set aside an order for "(1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason justifying relief from the operation of the [order]." Freres failed to show it was entitled to reconsideration on these grounds. The thrust of Freres' argument in its Motion and on appeal is that the bankruptcy court erred by finding that Freres had not given consideration to Debtor in exchange for the transfer so as to fall within the scope of § 502(h). This issue was addressed by the

8

bankruptcy court in its ruling on the disallowance of Freres' proof of claim. Accordingly, Freres' remedy was to file a timely notice of appeal from that ruling, which it did not do.

Instead, Freres filed its Motion, reiterating arguments that the bankruptcy court previously considered and rejected when disallowing its proof of claim. These rehashed arguments do not merit reconsideration. *See Van Kiver v. United States*, 962 F.2d 1241, 1243 (10th Cir. 1991); *Eugenio v. Cont'l Pac., LLC (In re Eugenio)*, Case No. HI-13-1459, 2015 WL 500175, *4 (9th Cir. BAP Feb. 5, 2015); *Branam v. Crowder (In re Branam)*, 226 B.R. 45, 54 (9th Cir. BAP 1998). On this ground alone, the bankruptcy court did not abuse its considerable discretion in denying Freres' Motion. *See McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (Courts enjoy considerable discretion in deciding reconsideration motions).

Even so, the bankruptcy court did not err by disallowing Freres' proof of claim. Section 502(d) provides:

> Notwithstanding subsections (a) and (b) of this section, the court shall disallow any claim of any entity from which property is recoverable under section 542, 543, 550, or 553 of this title or that is a transferee of a transfer avoidable under section 522(f), 522(h), 544, 545, 547, 548, 549, or 724(a) of this title, unless such entity or transferee has paid the amount, or turned over any such property, for which such entity or transferee is liable under section 522(I), 542, 543, 550, or 553 of this title.

Under this provision, until Freres paid the amount for which it was liable under § 550, its claim was "disallowed." Once Freres repaid the estate, its claim was no longer disallowed by operation of § 502(d).

> Nothing in [§] 502(d), however, mandates that once an entity pays the 'amount recoverable,' such entity is thereby **entitled** to distributions from the estate. To be clear, under the plain language of the statute, [§] 502(d) simply provides that until a creditor pays what it owes to an estate, any claim it may have is disallowed. That is all. No portion of this provision, nor any other in the Bankruptcy Code, states that once an entity pays what it owes the estate, such entity is unconditionally entitled to participate in distributions from the estate.

*RNI-NV Ltd. P'ship v. Field (In re Maui Indus. Loan & Fin. Co.)*, 580 B.R. 886, 900-902 (D. Haw. 2018).

Although Freres repaid the estate, its claim was subject to the remaining provisions of § 502. Section 502(h) provides:

> A claim arising from the recovery of property under section 522, 550, or 553 of this title shall be determined, and shall be allowed under subsection (a), (b), or (c) of this section, or disallowed under subsection (d) or (e) of this section, the same as if such claim had arisen before the date of the filing of the petition.

Under § 502(a), "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." The Liquidation Trustee, a party in interest in this case, objected to Freres' claim on the basis that no consideration had been given to Debtor in

10

exchange for its payment to Freres. The bankruptcy court properly sustained the objection as the "claim" was unenforceable against Debtor or its property on this basis. *See* § 502(b)(1). Simply put, the french oak barrels went to BFV, not Debtor, and thus there was no underlying debt.

Contrary to Freres' arguments, the case of *Gowan v. HSBC Mortgage Corp. (In re Dreier LLP)*, Case No. 08-15051, 2012 WL 4867376 (Bankr. S.D.N.Y. Oct. 12, 2012), is instructive and on point. There, the bankruptcy court rejected the contention that a § 502(h) claim encompasses the totality of the avoided transfer and held that such a claim is limited to the consideration given for the transfer, stating: "If the transferee did not give any consideration for the fraudulent transfer, there is nothing to reinstate, and the return of the fraudulently transferred funds does not give rise to an allowable claim." *Id.* at *3 (citing 4 Alan Resnick & Henry J. Sommer, Collier on Bankruptcy ¶ 502.09[2] at 502–72 (16th ed. 2012) ("The amount of the claim allowable under this section [502(h)] is not the value of the property recovered but rather the value of the consideration paid by the transferee for the property recovered.").

The court in *In re Best Products Company* examined § 502(h) in detail, stating:

> Section 502(h) of the Bankruptcy Code provides that the claim of a creditor arising from the recovery of property under section 550, among others, shall be allowed or disallowed the same as if the claim had arisen prepetition. And section 502(d), much like section 57(g) of the former Bankruptcy Act, disallows

the claim of any recipient of a fraudulent transfer unless the recipient has paid the amount or turned over any property for which it is liable under section 550. Thus, there is an implication in section 550 that a transferee of a fraudulent transfer will have a claim when the transfer is disgorged.

This is not to say that every person who is the recipient of a fraudulent transfer is entitled to a claim against the estate. *For if the transferee gave no consideration for the transfer, there is no underlying debt.*

168 B.R. 35, 56 (Bankr. S.D.N.Y. 1994) (emphasis added), *appeal dismissed*, 177 B.R. 791 (S.D.N.Y. 1995), *aff'd*, 68 F.3d 26 (2d Cir. 1995).

The *Best Products* bankruptcy court added that § 502(h) is predicated on the principle "that when a fraudulent transfer is avoided, the parties are restored to their previous positions." *Id.* at 57; *see also Tronox, Inc. v. Kerr McGee Corp. (In re Tronox Inc.)*, 503 B.R. 239 (Bankr. S.D.N.Y. 2013) ("§ 502(h) does not create a 'claim arising from the recovery of property' under § 550 and merely provides that any such claim is a prepetition claim entitled to a share of recovery from the estate on the same basis as all other prepetition claims") and *In re Maui Indus. Loan & Fin. Co.*, 580 B.R. at 900-902.

Freres' citation to *Misty Management Corp. v. Lockwood* also supports the bankruptcy court's conclusion. 539 F.2d 1205, 1214 (9th Cir. 1976). There, the Ninth Circuit noted that a transferee guilty of fraudulent behavior may nevertheless prove a claim against the bankrupt estate once

he returns the fraudulently conveyed property to the estate. *Id.* The Ninth Circuit reasoned, "A rule to the contrary would allow the estate to recover the voidable conveyance and to retain *whatever consideration* it had paid therefor. Such a result would clearly be inequitable." *Id.*

Freres acknowledges that so long as the creditor has given value to either the debtor or the debtor's bankruptcy estate, that creditor is entitled to be treated as a prepetition creditor. However, contrary to Freres' contention, there is nothing in the record that shows Freres gave value to Debtor in exchange for Debtor's payment to Freres for $5,928.66. Returning monies to the bankruptcy estate for which he did not have a previously existing claim did not constitute value to the estate to create a proof of claim.

In the end, regardless whether Freres' proof of claim was timely or not, the bankruptcy court did not abuse its discretion by refusing to reconsider the disallowance of Freres' proof of claim.

## CONCLUSION

For the reasons explained above, we AFFIRM.