**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 17-3762

_____

In re: ANN MILLER,
                                                Debtor

GARY F. SEITZ, Trustee

v.

Ann Miller,
                                                Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(District Court No.: 2-17-cv-02895)
District Judge: Honorable Edward G. Smith

_____

Submitted under Third Circuit L.A.R. 34.1(a)
on September 14, 2018

(Opinion filed: October 10, 2018)

Before: JORDAN, VANASKIE and RENDELL, Circuit Judges

_____

O P I N I O N[*]

_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

**RENDELL**, Circuit Judge:

Ann Miller appeals from the District Court's orders affirming the Bankruptcy Court's grant of summary judgment in favor of Gary F. Seitz and denying her relief from judgment in a separate adversary proceeding. For the reasons set forth below, we will affirm.

## I. BACKGROUND[1]

Miller filed for relief under Chapter 7 of the Bankruptcy Code in 2012 and was granted a discharge that same year. Her case was closed in January of 2014. One of Miller's creditors, Joan Zubras, moved to reopen Miller's bankruptcy case in March of 2015, alleging that Miller received contingent fees for litigation work that predated her petition and that she did not report those fees on her bankruptcy schedules. The Bankruptcy Court granted Zubras' motion and reinstated Seitz, the bankruptcy trustee. Zubras also filed an adversary proceeding ("Zubras proceeding") against Miller, seeking a revocation and denial of Miller's bankruptcy discharge. In opposition, Miller argued that her bankruptcy schedules from her 2012 case were complete, the contingent fees in question were not property of the estate, and, regardless of their status as property of the estate, the fees had been "fully discussed and disclosed at the Meeting of Creditors." Answer in Opposition to Complaint Objecting to Discharge of Debt, *Zubras v. Miller* (*In re Miller*), Ch. 7 Case No. 12-16015, Adv. No. 15-231 (Bankr. E.D. Pa. July 23, 2015), ECF No. 3. The Bankruptcy Court found that the fees, which consisted of three

---

[1] Because we write for the parties, who are familiar with the facts and the procedural posture to date, we only include what is necessary to explain our decision.

payments totaling $54,510 for prepetition work on two litigations, were assets of the estate. Accordingly, the Bankruptcy Court revoked her discharge. Miller neither filed a motion for reconsideration nor appealed from this order.

Seitz then initiated an adversary proceeding against Miller to recover the fees. Seitz moved for summary judgment. After Miller responded, the Bankruptcy Court held a hearing and granted summary judgment in favor of Seitz. Citing findings from the Zubras proceeding, the Bankruptcy Court first found that collateral estoppel barred re-litigation of whether the fees were property of the estate. The Bankruptcy Court also held that, even if collateral estoppel did not apply, Miller failed to demonstrate any genuine issue of material fact and Seitz was entitled to judgment as a matter of law.

Miller appealed the Bankruptcy Court's grant of summary judgment to the District Court and also filed motions for withdrawal of reference and relief from judgment under Federal Rule of Civil Procedure 60(b). The District Court affirmed the summary judgment order and denied Miller's other motions. Miller, acting pro se, filed this timely appeal.[2]

---

[2] We note that Miller is a licensed attorney admitted to practice in Pennsylvania.

## II. DISCUSSION[3]

Miller challenges the District Court's orders affirming the grant of summary judgment and denying her motion for relief from judgment.

### a. Summary Judgment

In disputing the District Court's order affirming summary judgment for Seitz, Miller first argues that the Bankruptcy Court lacked jurisdiction to decide as it did in the Zubras proceeding. Second, she argues that collateral estoppel is inappropriate in this case.

### i. Jurisdiction

Miller contends that "the Bankruptcy Court's decision to apply Illinois state law to [Miller] instead of controlling Pennsylvania state law exceeded the power granted to it as an Article I court."[4] Br. for Appellant at 22. She alleges, in turn, that the Bankruptcy Court and the District Court also exceeded their authority when they used the finding from the Zubras proceeding against her to grant summary judgment for Seitz. Like the

---

[3] The District Court had appellate jurisdiction pursuant to 28 U.S.C. § 158(a)(1). We have jurisdiction under 28 U.S.C. §§ 158(d) and 1291. "In reviewing bankruptcy court decisions on appeal, we stand in the shoes of the district court and apply the same standard of review." *In re Klass*, 858 F.3d 820, 827 (3d Cir. 2017) (quotation marks and citation omitted). Accordingly, with regards to Miller's appeal from the summary judgment order, we review the Bankruptcy Court's legal conclusions *de novo* and its factual findings using a "clearly erroneous" standard. *Am. Flint Glass Workers Union v. Anchor Resolution Corp.*, 197 F.3d 76, 80 (3d Cir. 1999). With regards to Miller's appeal from the District Court's denial of relief from judgment, we review for abuse of discretion. *Cox v. Horn*, 757 F.3d 113, 118 (3d Cir. 2014).

[4] We assume that Miller's contention that the Bankruptcy Court applied Illinois state law references the Court's quotation of *In re Scotchel*, 491 B.R. 739, 743-44 (Bankr. N.D.W.V. 2013), which in turn cites *In re Carlson*, 263 F.3d 748, 750 (7th Cir. 2001) (applying Illinois law).

District Court, we interpret this argument as challenging the jurisdiction of the Bankruptcy Court in the Zubras proceeding.

We agree with the District Court that "a determination that Miller's litigation fees were part of the bankruptcy estate was within the bankruptcy court's subject-matter jurisdiction" in the Zubras proceeding. JA 14. Moreover, she never filed an appeal from the Bankruptcy Court's ruling in the Zubras proceeding. Therefore, we find this argument to be meritless and to have been waived as well.

### ii. Collateral Estoppel

Miller argues that the District Court erred in affirming the Bankruptcy Court's grant of summary judgment for Seitz because the use of collateral estoppel was inappropriate. First, she contends that Seitz failed to plead and prove the elements of a turnover action, and, because the Zubras proceeding was not a turnover action, the issues were not identical. Second, she argues that the findings in the Zubras proceeding are *obiter dicta* and, therefore, cannot be used to apply collateral estoppel. Finally, she claims that "collateral estoppel cannot be applied to give the Court jurisdiction that Congress has not given it." Br. for Appellant at 39.

Miller's first argument fails because Seitz has pled and proven all elements of a turnover action. To establish a cause of action for turnover, a trustee has the burden of proving, "by a preponderance of the evidence, that (1) the property is available for the trustee's use as property of the estate . . . ; (2) the property is in the possession, custody, or control of another entity; and (3) the property has more than an inconsequential value to the debtor's estate." *In re Harber*, 553 B.R. 522, 527-28 (W.D. Pa. 2016); *see also In*

5

*re Irwin*, 509 B.R. 808, 815-16 (E.D. Pa. 2014); 5 Collier on Bankruptcy ¶ 542.03. In his

motion for summary judgment, Seitz stated:

> [T]he Debtor's records indicate that the Debtor received the
> following fees, all of which constitute property of the estate
> . . . :

| | | |
|---|---|---|
| a. | Imprelis Referral Fee: | $23,423.00 |
| b. | Imprelis Referral Fee: | $9,916.47 |
| c. | Kia contingency fee: | $21,171.00 |
| **TOTAL:** | | **$54,510.47** |

JA 61-62 (emphasis in original). Seitz supported these contentions with findings from

the Zubras proceeding. In her response to Seitz's motion for summary judgment, Miller

did not contest any of the facts averred by Seitz. Instead, she argued that he did not

provide sufficient evidentiary support for his assertions and that collateral estoppel was

inappropriate. Because Seitz established all three elements of a turnover action and

Miller failed to raise a genuine issue as to any material fact, we agree with the

Bankruptcy Court that Seitz was entitled to summary judgment and turnover of the fees.[5]

Miller's second argument attacks the grant of summary judgment on the grounds

that it was based on *obiter dicta*. Specifically, she claims that the findings of the

Bankruptcy Court in the Zubras proceeding were unsupported by evidence and therefore

cannot be relied upon in this proceeding. But this argument is essentially another attempt

to attack the Zubras judgment, and, as the District Court correctly noted, "[t]he time for

---

[5] To the extent that Miller argues that collateral estoppel cannot apply to this case because the cause of action in this proceeding differs from that of the Zubras proceeding, we find that argument meritless because collateral estoppel does not require that the causes of action be identical. *See Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 247-48 (3d Cir. 2010) (stating the elements of collateral estoppel).

[Miller] to challenge the Zubras judgment . . . passed when she failed to appeal or move for reconsideration." JA 15.

Miller's final argument with regards to collateral estoppel—that it cannot apply because the Bankruptcy Court in the Zubras proceeding did not have jurisdiction—is rejected for the reasons stated above. Accordingly, we will affirm the grant of summary judgment in favor of Seitz.

### b. Relief from Judgment

Miller argues that the District Court erred by denying her motion for relief from the Zubras judgment. First, she restates her argument that the Bankruptcy Court in the Zubras proceeding lacked jurisdiction. For the reasons stated above, we disagree.

Second, Miller contends that she is entitled to relief from the Zubras judgment "because the revocation of discharge occurred after the statute of limitations/statute of repose had expired," citing to Section 727(e) of the Bankruptcy Code. Br. for Appellant at 46. Although Miller had ample opportunity to raise this argument in her original bankruptcy proceeding when Zubras moved to reopen her case, in the Zubras proceeding, and in the Bankruptcy Court in this proceeding, she failed to do so. Instead, she raised it for the first time in the District Court in a supplemental brief. To circumvent this failure, she argues that Section 727 is a statute of repose, citing to *In re Taylor*, 449 B.R. 686 (Bankr. E.D. Pa. 2011), and therefore "non-waivable." Br. for Appellant at 47. We disagree that Section 727 is jurisdictional and find that Miller waived this argument here.

The Supreme Court has "repeatedly held that procedural rules, including time bars, cabin a court's power only if Congress has 'clearly state[d]' as much." *United*

7

*States v. Kwai Fun Wong*, 135 S. Ct. 1625, 1632 (2015) (alterations in original) (quoting *Sebelius v. Auburn Reg'l Med. Ctr.*, 568 U.S. 145, 153 (2013)). "[A]bsent such a clear statement, . . . courts should treat the restriction as nonjurisdictional." *Id.* (quotation marks omitted) (alterations in original) (quoting *Auburn Reg'l Med. Ctr.*, 568 U.S. at 153). Congress did not clearly state that Section 727(e)'s deadline is jurisdictional. Instead, the language of the statute simply provides when "[t]he trustee, a creditor, or the United States trustee may request a revocation of discharge," and does not speak to a court's power. 11 U.S.C. § 727(e). Therefore, we regard Section 727(e) as a "quintessential claim-processing rule[]" that "do[es] not deprive a court of authority to hear a case." *Kwai Fun Wong*, 135 S. Ct. at 1632 (quotation marks and citation omitted); *see also United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 n.9 (2010) (finding that the time limit to request revocation of a Chapter 13 confirmation that was "procured by fraud" is non-jurisdictional and waivable); *Weil v. Elliott*, 859 F.3d 812, 814-15 (9th Cir. 2017) (holding that § 727(e)(1) is "a non-jurisdictional claim-processing rule" that can be waived). Because Miller failed to raise this argument in any of the prior proceedings or in this proceeding until her appeal to the District Court, she cannot do so now. Therefore, the District Court did not abuse its discretion in denying Miller's motion for relief from judgment.

### c. Seitz's Alleged Violations of Due Process and Ethical and Fiduciary Duties

In both her appeal from the Bankruptcy Court's summary judgment ruling and her motion for relief from judgment, Miller contends that Seitz "violated [her] Due Process

8

rights, his grant of authority and [his] fiduciary duties when he ignored controlling state law and instituted proceedings to recoup funds that are not derived from assets of the Bankruptcy Estate." Br. for Appellant at 6. In support of this argument, Miller cites to Pennsylvania Rule of Professional Conduct 3.3(2), which mandates that lawyers disclose known adverse legal authority to a tribunal. The only violation of this rule alleged by Miller is Seitz's "failure to present any countervailing authority to [Miller's] Pennsylvania state law cases and other authorities."[6] Br. for Appellant at 50. However, whether the fees were part of the bankruptcy estate was not at issue in either Seitz's motion for summary judgment or Miller's motion for relief from judgment because that issue had been resolved by the Bankruptcy Court in the Zubras proceeding. Therefore, Seitz was not obligated to present any authority on that issue and did not violate any of his duties in this respect.

## III. CONCLUSION

For the foregoing reasons, we will affirm the District Court's orders affirming the Bankruptcy Court's grant of summary judgment in favor of Seitz and denying Miller's motion for relief from judgment.

---

[6] Miller also alleges that Seitz violated his duties through "his efforts to strike [Miller's] Motion for Summary Judgment from the record, . . . his filing duplicative and meritless motions for sanctions, and . . . then asking the Court to prohibit [Miller] from pursuing this Appeal and asserting her rights to be heard on the important issues the Appeal presents . . . ." Br. for Appellant at 50-51. However, these allegations are unrelated to Seitz's duty to present countervailing authority to the courts, and she fails to provide any legal authority to support them. Therefore, we find these allegations to be meritless.