NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 21 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NATIONSTAR MORTGAGE LLC, | No. 20-15842 |
| Plaintiff-Appellee, | D.C. No. 2:17-cv-01586-RFB-NJK |
| v. | |
| 4039 MEADOW FOXTAIL DR. TRUST; SATICOY BAY LLC SERIES 4039 MEADOW FOXTAIL DR., | MEMORANDUM[*] |
| Defendants-Appellants, | |
| and | |
| SUNRISE RIDGE MASTER HOMEOWNERS ASSOCIATION; NEVADA ASSOCIATION SERVICES, INC., | |
| Defendants. | |

Appeal from the United States District Court
for the District of Nevada
Richard F. Boulware II, District Judge, Presiding

Submitted December 5, 2022[**]
Pasadena, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: KELLY,[***] IKUTA, and CHRISTEN, Circuit Judges.

Plaintiff Nationstar Mortgage, LLC (Nationstar) filed suit against 4039 Meadow Foxtail Dr. Trust (Meadow Foxtail) and Saticoy Bay LLC, Series 4039 Meadow Foxtail Dr. (Saticoy Bay) (collectively, Defendants) seeking quiet title, a declaratory judgment that its deed of trust survived the foreclosure sale of the property at issue, and an injunction against Saticoy Bay selling or transferring the property. Plaintiff also raised claims that the foreclosure sale violated section 116.1113 of the Nevada Revised Statutes and of wrongful foreclosure. The district court granted Nationstar's motion for summary judgment as to the quiet title claim and Defendants' motions for summary judgment as to the other claims. Only the quiet title claim is at issue on appeal. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the order granting Nationstar's motion for summary judgment, *Riley's Am. Heritage Farms v. Elsasser*, 32 F.4th 707, 719 (9th Cir. 2022), and we affirm.

We assume the parties' familiarity with the facts and do not recite them here. Defendants argue that the statute of limitations has expired, that Nationstar's claim for relief is barred by res judicata and collateral estoppel, and that the foreclosure sale extinguished Nationstar's deed of trust.

---

[***] The Honorable Paul J. Kelly, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

**1. Statute of Limitations.** The district court found that Defendants waived any statute of limitations defense as to the quiet title claim. We agree. Defendants failed to raise their statute of limitations defense in any of their responsive pleadings or summary judgment briefing. *See, e.g.*, *Weil v. Elliott*, 859 F.3d 812, 815 (9th Cir. 2017) (explaining that an affirmative defense "may be forfeited if not timely raised"). Additionally, Defendants have not addressed the waiver issue in their opening brief, and have thereby waived it on appeal. *See, e.g.*, *McKay v. Ingleson*, 558 F.3d 888, 891 n.5 (9th Cir. 2009).

**2. Preclusion.** Defendants argue that Nationstar's claim is barred by res judicata (claim preclusion) and collateral estoppel (issue preclusion) because the district court dismissed, without prejudice, Nationstar's similar complaint in a separate action. "The preclusive effect of a federal-court judgment is determined by federal common law." *Taylor v. Sturgell*, 553 U.S. 880, 891 (2008); *accord Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508 (2001) ("[F]ederal common law governs the claim-preclusive effect of a dismissal by a federal court sitting in diversity."). The Supreme Court has made clear that, except in exceptional cases, "the federally prescribed rule of decision [is] the law that would be applied by state courts in the State in which the federal diversity court sits." *Semtek Int'l Inc.*, 531 U.S. at 507–08. Here, Nevada law preclusion principles apply.

Under Nevada law, claim preclusion requires a "final judgment [that] is valid" and issue preclusion requires that "the initial ruling must have been on the merits and have become final." *Five Star Cap. Corp. v. Ruby*, 194 P.3d 709, 713 (Nev. 2008). The Nevada Supreme Court has held that a dismissal without prejudice is not a final judgment: "[T]he requirement of a valid final judgment . . . does not include a case that was dismissed without prejudice or for some reason (jurisdiction, venue, failure to join a party) that is not meant to have preclusive effect." *Id.* at 713 n.27. Because the dismissal of Nationstar's previous action was without prejudice, it was not a final judgment and lacks preclusive effect.

**3. Valid Tender.** There is no dispute that attorneys for Bank of America N.A. (BANA), Nationstar's predecessor in interest, sent the HOA's agent a check for the superpriority portion of the lien prior to the foreclosure sale, but the agent refused this offer of tender. Defendants present several arguments that BANA's tender of the superpriority amount should not operate to preserve BANA's deed to trust, but all of these arguments are foreclosed by Nevada law.

First, payment of the superpriority portion did not need to be recorded in order to preserve the deed of trust. "A valid tender of payment operates to discharge a lien or cure a default." *Bank of America, N.A. v. SFR Invs. Pool 1, LLC* (*Diamond Spur*), 427 P.3d 113, 117 (2018) (en banc). "Tendering the superpriority portion of an HOA lien does not create, alienate, assign, or surrender

4

an interest in land. Rather, it preserves a pre-existing interest, which does not require recording." *Id.* at 119 (emphasis omitted).

Second, Defendants argue the "conditional" nature of BANA's tender rendered it ineffective. Defendants do not elaborate on what conditions accompanied the tender, but to the extent BANA specified that acceptance of the tender would satisfy the superpriority portion of the lien, the Nevada Supreme Court has rejected Defendants' argument. *Id.* at 118 ("Bank of America's letter stated that acceptance of the tender would satisfy the superiority portion of the lien, preserving Bank of America's interest in the property. Bank of America had a legal right to insist on this.").

Third, Defendants' contention that Saticoy Bay is protected as a transferee of a bona fide purchaser (BFP) is without merit. "A party's status as a BFP is irrelevant when a defect in the foreclosure proceeding renders the sale void." *Id.* at 121. "Because a trustee has no power to convey an interest in land securing a note or other obligation that is not in default, a purchaser at a foreclosure sale of that lien does not acquire title to that property interest." *Id.* Therefore, BANA's first deed of trust remained after the foreclosure sale. *Id.*

Finally, Defendants' reliance on *Shadow Wood Home Owners Ass'n, Inc. v. N.Y. Cmty. Bancorp., Inc.*, 366 P.3d 1105 (Nev. 2016) (en banc) is misplaced. *Shadow Wood* did not concern a valid tender of the superpriority portion of an

HOA lien, and its holding (that a court can grant equitable relief from a defective HOA lien foreclosure sale when, for instance, the sale is marred by fraud, unfairness, or oppression) is inapplicable because the question here is not whether an equitable basis exists to set aside a foreclosure, but rather whether Nationstar's valid tender preserved its deed of trust. *See id.* at 1107. By contrast, *Diamond Spur* is squarely on point. Pursuant to *Diamond Spur*, tender of the superpriority portion of a lien is valid despite the HOA's rejection of the payment and in *Diamond Spur* the Nevada Supreme Court gave no indication that it is necessary to weigh the equities when determining whether a tender was valid. *See Diamond Spur*, 427 P.3d at 117–18.

**AFFIRMED.**