**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY APPELLATE PANEL
OF THE NINTH CIRCUIT**

In re:                                             BAP No. NC-24-1125-BCF
MAI HOANG TRAN and DANNY LE,
                 Debtors.                          Bk. No. 09-58961

CHAOWALIT KOOPONGSKUL,
                 Appellant,
v.                                                 **MEMORANDUM***
MAI HOANG TRAN; DANNY LE,
                 Appellees.

Appeal from the United States Bankruptcy Court
for the Northern District of California
Stephen L. Johnson, Bankruptcy Judge, Presiding

Before: BRAND, CORBIT, and FARIS, Bankruptcy Judges.

**INTRODUCTION**

Appellant Chaowalit Koopongskul appeals an order denying his
motion to revoke the discharge of chapter 7[1] debtors Danny Le and Mai
Hoang Tran ("Debtors").[2] The bankruptcy court determined that
Mr. Koopongskul's motion was time barred, having been filed 14 years after

---

* This disposition is not appropriate for publication. Although it may be cited for
whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential
value, *see* 9th Cir. BAP Rule 8024-1.

[1] Unless specified otherwise, all chapter and section references are to the
Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all "Rule" references are to the Federal Rules
of Bankruptcy Procedure.

[2] Appellees have not appeared in this appeal.

1

Debtors received their discharge and 12 years after their bankruptcy case was closed for the second time. Seeing no reversible error by the bankruptcy court, we AFFIRM.[3]

## FACTS

Mr. Koopongskul purchased an investment property from Mr. Le in 2005. Mr. Le allegedly failed to disclose to Mr. Koopongskul that the property was subject to a city building code violation/compliance demand order. Litigation in state court ensued. In November 2009, Mr. Koopongskul obtained a default judgment against Mr. Le for $77,400, and a writ of execution. The default judgment and writ of execution were void, however, because they were obtained after Debtors filed their bankruptcy case and while the automatic stay was still in effect.

Debtors filed their chapter 7 bankruptcy case on October 20, 2009. Mr. Koopongskul was not listed as a creditor in Schedule F, but Debtors did list the state court suit in their statement of financial affairs ("SOFA"). In any case, Mr. Koopongskul was not listed in the creditor matrix for notice of Debtors' bankruptcy filing.

A few days before receiving their chapter 7 discharge on March 30, 2010, Debtors filed an amended Schedule F to include Mr. Koopongskul and the $77,400 default judgment. Debtors' case was closed on March 31, 2010. On April 1, 2010, Mr. Koopongskul was sent notice of the discharge order.

---

[3] We exercise our discretion to take judicial notice of documents electronically filed in the bankruptcy court, where appropriate. *See Atwood v. Chase Manhattan Mortg. Co. (In re Atwood)*, 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

Mr. Koopongskul then engaged in a series of filings attempting to get a determination that the default judgment was nondischargeable. After reopening the case in November 2010, Mr. Koopongskul failed to file his intended adversary proceeding against Debtors, and the bankruptcy court re-closed the case in May 2012. Three years later, in 2015, Mr. Koopongskul filed the adversary proceeding, but it was dismissed in 2016 for failure to serve Debtors and to prosecute the case. Mr. Koopongskul's multiple attempts over the next three years to vacate the adversary dismissal were unsuccessful. In denying the final motion to vacate in 2019, the bankruptcy court warned Mr. Koopongskul that any further attempts to ask the court to reconsider its prior rulings would result in sanctions of no less than $500.00.

After five years of silence, on February 28, 2024, Mr. Koopongskul filed in the closed main case a "Motion to Revoke Debtors [sic] Chapter 7 Case" ("Motion to Revoke"). Mr. Koopongskul sought to revoke Debtors' chapter 7 discharge essentially on the same facts alleged in his 2015 adversary complaint. Mr. Koopongskul reiterated the 2005 property sale with Mr. Le, the default judgment, Debtors' failure to list him as a creditor in the bankruptcy case until just before they got their discharge, and his discovery of the bankruptcy only when he received a copy of the discharge order. Mr. Koopongskul argued that Debtors' failure to disclose in their SOFA the 2005 property sale and their $225,000 profit was fraudulent and warranted revoking their discharge. Mr. Koopongskul did not cite the statute under which he was seeking relief – i.e., § 727(d)(1), (2), (3), or (4).

3

After a hearing, the bankruptcy court denied the Motion to Revoke, ruling that it was time barred under both § 727(e)(1) and (2), because it was not filed within one year of the date of Debtors' discharge on March 30, 2010 – for a claim under § 727(d)(1) – or within one year of when the case was last closed in May 2012 – for a claim under § 727(d)(2) or (3). This timely appeal followed.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(J). We have jurisdiction under 28 U.S.C. § 158.

## ISSUE

Did the bankruptcy court err in denying the Motion to Revoke?

## STANDARDS OF REVIEW

For § 727 decisions, we review the bankruptcy court's conclusions of law de novo, its findings of fact for clear error, and mixed questions of law and fact de novo. *See Searles v. Riley (In re Searles)*, 317 B.R. 368, 373 (9th Cir. BAP 2004), *aff'd,* 212 F. App'x. 589 (9th Cir. 2006).

## DISCUSSION

**A.    Law governing revocation of discharge under § 727(d) and (e)**

Mr. Koopongskul failed to state under which paragraph of § 727(d) he was seeking to revoke Debtors' discharge. Giving him the benefit of the doubt, the bankruptcy court considered paragraphs (1), (2), and (3). At best, only two appear possible – (1) and (2) – which provide, in relevant part, that the bankruptcy court shall revoke a chapter 7 discharge if:

4

(1) such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge; and

(2) the debtor acquired property that is property of the estate . . . and knowingly and fraudulently failed to report . . . such property . . . to the trustee.

Under § 727(d)(1), "obtained through" means that the plaintiff must show that "but for the fraud, the discharge would not have been granted." *White v. Nielsen (In re Nielsen)*, 383 F.3d 922, 925 (9th Cir. 2004). In addition, the fraud must not have been discoverable until after discharge. *Bowman v. Belt Valley Bank (In re Bowman)*, 173 B.R. 922, 925 (9th Cir. BAP 1994). The plaintiff must diligently investigate any possible fraudulent conduct before discharge and "prove that it was unaware of the fraud at the time the discharge was granted." *Id.*

Section 727(e) establishes the statutory deadline for filing an action to revoke a debtor's discharge under § 727(d)(1) and (2): under subsection (d)(1), within one year after the discharge is granted (Section 727(e)(1)); and under subsection (d)(2), before the later of one year after the discharge is granted and the date the case is closed (Section 727(e)(2)).

B.      The bankruptcy court did not err in denying the Motion to Revoke.

The bankruptcy court determined that the Motion to Revoke was untimely under both § 727(e)(1) and (2) and denied it on that basis. It is undisputed that Mr. Koopongskul did not file the Motion to Revoke within one year of Debtors' discharge, or within one year of when the case was last

5

closed. In fact, he filed it 14 years after Debtors received their discharge, and 12 years after the bankruptcy case was last closed. Thus, the Motion to Revoke was untimely.

Mr. Koopongskul argues that, since he did not discover Debtors' "fraud" of not disclosing the 2005 property sale and $225,000 profit in their SOFA until February 1, 2024, the one-year limitation period was subject to equitable tolling and did not run until January 31, 2025. He filed the Motion to Revoke on February 28, 2024. Therefore, he argues, it was timely. Mr. Koopongskul raises the doctrine of equitable tolling for the first time on appeal. Generally, we do not consider such arguments. *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999). Even if we did, his argument lacks merit.

We begin by noting that the bankruptcy court erred in stating that the time limit in § 727(e)(1) and (2) is not a statute of limitations but a statute of repose. But this error was harmless and has no effect on Mr. Koopongskul's rights or the outcome of the appeal. *See Van Zandt v. Mbunda (In re Mbunda)*, 484 B.R. 344, 355 (9th Cir. BAP 2012) ("Generally speaking, we ignore harmless error."), *aff'd*, 604 F. App'x 552 (9th Cir. 2015). In a reversal of this Panel, the Ninth Circuit Court of Appeals held in *Weil v. Elliott*, 859 F.3d 812, 814-15 (9th Cir. 2017), that the time limit imposed by § 727(e)(1) (and presumably § 727(e)(2)) is not a jurisdictional constraint, but rather "an ordinary, run-of-the-mill statute of limitations, specifying the time within which a particular type of action must be filed." *Id.* at 814. In *Elliott*, we had held that § 727(e) is a non-waivable statute of repose, and that its time limits

are not subject to equitable tolling. *Elliott v. Weil (In re Elliott),* 529 B.R. 747, 754 (9th Cir. BAP 2015), *rev'd sub. nom.*, 859 F.3d 812 (9th Cir. 2017).

The Ninth Circuit left open in *Elliott* the question of whether the one-year filing deadline in § 727(e) is subject to equitable tolling. 859 F.3d at 815, 817. Even if it is, Mr. Koopongskul did not establish that the doctrine applied here.

The U.S. Supreme Court has ruled that "a litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 255 (2016) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)); *see also Mejia-Hernandez v. Holder*, 633 F.3d 818, 824 (9th Cir. 2011) ("Equitable tolling is applied in situations where, despite all due diligence, the party requesting equitable tolling is unable to obtain vital information bearing on the existence of the claim.") (cleaned up). Debtors filed their SOFA with their chapter 7 petition on October 20, 2009. Mr. Koopongskul learned of the bankruptcy when he received a copy of the discharge order just after April 1, 2010.[4] Thus, the alleged "fraud" of Debtors' failure to disclose the 2005 property sale and profit

---

[4] Mr. Koopongskul argues that the bankruptcy court erred in finding that he learned of the bankruptcy shortly before the case was closed the first time in 2010, when Debtors filed their amended Schedule F listing him as a creditor. We agree that the court was wrong on this fact. However, the error was harmless, because the fact remains that Mr. Koopongskul had actual notice of the bankruptcy soon after April 1, 2010, and that he had almost a full year after entry of the discharge to request revocation.

in their SOFA was discoverable by Mr. Koopongskul no later than April 2010. That he did not discover it until February 1, 2024, which is a new fact not asserted in the Motion to Revoke, demonstrates a clear lack of diligence, particularly since he became heavily involved in the case beginning on June 1, 2010, when he filed his first motion. Mr. Koopongskul also fails to assert that any extraordinary circumstance stood in his way and prevented him from filing the Motion to Revoke for 14 years.

Even if we were to review the merits of the Motion to Revoke, it fails to establish how Debtors' non-disclosure of the 2005 property sale in their SOFA could give rise to relief under § 727(d). Nowhere in the SOFA is a debtor required to disclose the arms-length sale of real property to another party that occurred four years prior to the bankruptcy filing. Nor does the bare fact that Debtors allegedly profited $225,000 from the sale four years prior to their bankruptcy filing establish fraud in connection with their discharge.

Finally, Mr. Koopongskul argues that the bankruptcy court should have determined that the default judgment was excepted from discharge under § 523(a)(2)(A) due to Mr. Le's fraud in selling him the property without disclosing the violations, and under § 523(a)(4) because Mr. Le committed fraud while acting in a fiduciary capacity, which is a new allegation. The court was not required to make any such determination. Mr. Koopongskul did not seek this specific relief in the Motion to Revoke, nor could he. Such relief must be sought by complaint.[5] To challenge the dischargeability of a

_____

[5] The same is true for revocation of discharge. Rule 9024 provides that "a *complaint*

8

debt under § 523(a)(2)(A) or (4), a creditor must affirmatively request an exception from discharge. § 523(c). Rule 4007(c) requires the filing of "a complaint" to determine the dischargeability of a debt under § 523(c). Presumably, this is why the bankruptcy court instructed Mr. Koopongskul to file an adversary proceeding in 2015, which he did but failed to prosecute.

## CONCLUSION

Although the bankruptcy court made some errors in its decision to deny the Motion to Revoke, such errors were harmless. *See In re Mbunda*, 484 B.R. at 355. Ultimately, it correctly decided that the Motion to Revoke was untimely. We AFFIRM.

---

to revoke a discharge in a chapter 7 liquidation case may be filed only within the time allowed by § 727(e)[.]" (emphasis added). Rule 7001 further provides that "[a]n adversary proceeding is governed by the rules of this Part VII." Under Rule 7001(4), it is "a *proceeding* to…revoke a discharge," and under Rule 7003 such proceedings are commenced by filing "a complaint." (emphasis added). Arguably, that Mr. Koopongskul filed a motion instead of a complaint could have been another basis for the bankruptcy court to deny relief.